IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  **CARMEN BENTLEY**, <br><br> (2)  **LAURA LONG**, <br><br> (3)  **SHERMAN WILLIAMS**, <br><br> (4)  **DEBRA GUESS**, <br> on behalf of themselves and all others similarly situated, <br><br>        Plaintiffs, <br><br> vs. <br><br> (1)  **HOSPITAL HOUSEKEEPING SYSTEMS, LLC**, <br><br> (2)  **ANGELA CAREY**, <br><br> (3)  **BRUCE TEETER**, <br><br>        Defendants. | Case No. CIV–17–00419–M |

### PLAINTIFFS' FIRST AMENDED COMPLAINT

### Compliance with Federal Rules

Plaintiff, Carmen Bentley ("Bentley"), amends her original complaint[1] as a matter of course in accordance with FED. R. CIV. P. 15(a)(1)(B) and states the following:

1. Defendant Hospital Housekeeping Systems, LLC filed an Answer on April 20, 2017.  (Doc. 8, Answer).

---

[1] Identified as "Petition" originally because of its filing in Oklahoma County District Court. (Doc. 1-1, Petition).

1

2. Plaintiff Carmen Bentley properly files this amended complaint within 21 days of all answers and/or responsive pleadings. *See* FED. R. CIV. P. 15(a)(1)(B); *see also* FED. R. CIV. P. 6(a).

3. Plaintiff Carmen Bentley adds three additional plaintiffs to her original complaint: (1) Laura Long; (2) Sherman Williams; and (3) Debra Guess.[2] In addition, Carmen Bentley adds Defendant Bruce Teeter and Defendant Angela Carey to the cause of action.

4. All Plaintiffs were employees of Defendants.

5. Long, Williams, and Guess, like Bentley, have claims against all Defendants for unpaid compensation under the facts alleged.

6. Long, Williams, and Guess, like Bentley, were subject to the alleged unlawful practice and policy of not paying employees one and one-half times their hourly wage for hours all worked in excess of 40 hours.

7. Long, Williams, and Guess, like Bentley, assert the right to joint relief arising out of the same transaction, occurrence, or series of transactions or occurrences and the same questions of law is common to all plaintiffs in this action against all Defendants.

---

[2] *See U.S. ex rel. Precision Co. v. Koch Industries, Inc.,* 31 F.3d 1015, 1018–19 (10th Cir. 1994) (holding that adding a party is governed by FED. R. CIV. P. 15(a))

8. All new parties are added to this cause of action in accordance with FED. R. CIV. P. 20(a)(1) & 20(a)(2) and FED. R. CIV. P. 15(a)(1)(B).

## Complaint

Plaintiffs, Carmen Bentley, Laura Long, Sherman Williams, and Debra Guess, on behalf of themselves and all others similarly situated, bring this cause of action against Hospital Housekeeping Systems, LLC, Angela Carey, and Bruce Teeter and state as follows:

## Nature of Action & Introduction

1. Plaintiffs seek declaratory relief and monetary damages for Defendant's willful violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219 ("FLSA"). Defendants violated the FLSA by knowingly suffering or permitting Plaintiffs and the putative class members to perform work without properly compensating them for the time spent on these activities at time and a half the regular rate of pay for hours worked in excess of 40 hours per work week.

## Jurisdiction and Venue

2. The FLSA authorizes court actions by private parties to recover damages for violation of the wage and hour provisions contained within the FLSA. Jurisdiction over the FLSA claims of Plaintiffs is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.  Venue in this district court is proper under 28 U.S.C. § 1391(b), because a significant number of putative class members reside in this district, at least one of the named Plaintiffs resides in this district, and a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this district.

## The Parties

4.  Plaintiff Carmen Bentley is a citizen of the United States and resides in Midwest City, Oklahoma. She was an employee for Defendant HHS while subjected to unlawful pay practices implemented by Defendant Angela Carey and Defendant Bruce Teeter. Plaintiff Carmen Bentley is a member of the class defined below, which indicates that her timecard was unlawfully modified to avoid overtime payments to employees. She was an employee from August 2015 to March 2017.

5.  Plaintiff Laura Long is a citizen of the United States and resides in Midwest City, Oklahoma. She was an employee for Defendant HHS while subjected to unlawful pay practices implemented by Defendant Angela Carey and Defendant Bruce Teeter. Plaintiff Laura Long is a member of the class defined below, which indicates that her timecard was unlawfully modified to avoid overtime payments to employees. She was an employee from July 2015 to February 2017.

6. Plaintiff Sherman Williams is a citizen of the United States and resides in Midwest City, Oklahoma. He was an employee for Defendant HHS while subjected to unlawful pay practices implemented by Defendant Angela Carey and Defendant Bruce Teeter. Plaintiff Sherman Williams is a member of the class defined below, which indicates that his timecard was unlawfully modified to avoid overtime payments to employees. He has been an employee from July 2016 to the present.

7. Plaintiff Debra Guess is a citizen of the United States and resides in Midwest City, Oklahoma. She was an employee for Defendant HHS while subjected to unlawful pay practices implemented by Defendant Angela Carey and Defendant Bruce Teeter. Plaintiff Debra Guess is a member of the class defined below, which indicates that his timecard was unlawfully modified to avoid overtime payments to employees. She was an employee from November 2015 to present.

8. The primary duties for all Plaintiffs include a variety of tasks, such as laundering clothes, ensuring orderly transportation of linens, and management of tasks performed. All Plaintiffs' wages have been subjected to an unlawful pay practice that requires them to work 42 to 45 hours per week; however, Defendant HHS along with Defendant Bruce Teeter and Defendant Angela Carey have modified all Plaintiffs timecards to ensure the Plaintiffs are not

paid overtime. Defendant Bruce Teeter and Defendant Angela Carey stated that it is company policy to subtract and hour each day no matter whether a lunch is taken or not.

9. Defendant HHS is Plaintiffs' employer that provides all equipment, payroll, human resources, and scheduling. Defendant Angela Carey is the director for all Plaintiffs that has engaged in the manipulation of Plaintiffs timecards. Defendant Bruce Teeter is Angela Carey's supervisor that has instructed Angela Carey to implement this policy to ensure employees are not paid overtime.

## Statement of Facts

10. Defendant HHS, Defendant Bruce Teeter, and Defendant Angela Carey all deliberately violate federal laws protecting workers. Rather than properly paying its employees for all time worked at their ordinary pay rate, Defendant HHS, Defendant Bruce Teeter, and Defendant Angela Carey manually roll back the hours worked to ensure employees are not paid overtime compensation despite the employees working far in excess of 40 hours per workweek. Defendant HHS, Defendant Bruce Teeter, and Defendant Angela Carey justify each of their actions to employees by stating that anything in excess of 40 hours should not be paid to save the company money and states that small increments in excess of the actual shift worked is "creep time" and non-compensable.

11. All Plaintiffs file this complaint on behalf of themselves and others similarly situated pursuant to and as authorized by 29 U.S.C. § 216(b).
12. Defendant HHS has regulated employment of all persons employed by it, acted directly and indirectly in the company's interest in relation to the employees, maintains the ability to hire, fire, supervise, and set the hours and compensation of the employees, and thus, is an employer of the employees, including Plaintiffs, within the meaning of Section 3(d) of the FLSA.
13. The business activities of Defendant HHS, as described herein, are related and performed through common control for a business purpose and constitute an enterprise within the meaning of Section 3(r) of the FLSA.
14. Defendant HHS has had an annual gross volume made or business done in an amount not less than $500,000.00 for the period covered by this Amended Complaint. The enterprise has employees handling, selling, and working on goods or materials that have been moved in interstate commerce or produced for commerce, such as cleaning supplies, tools, mops, buckets, laundry machines, other equipment, and materials necessary to perform work as hospital management, and cleaning personnel. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerece within the meaning of Section

3(s)(1)(A) of the FLSA. Further, Defendant engages in business across state lines, which, by definition, Defendant HHS is engaged in interstate commerce.

15. Defendant HHS constitutes an enterprise within the meaning of Section 3(s)(1)(B) of the FLSA as it is engaged in the operation of a hospital or an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institutions.

16. Defendant HHS contracts directly with hospitals to provide management services including cleaning and laundry services.

17. Defendant HHS's employees, including Plaintiffs, work on an hourly basis for Defendant HHS and it monitors its employees' hours worked using a digital timeclock and manual timesheet.

18. Defendant HHS's employees, including Plaintiffs, work and worked in excess of 40 hours per workweek on average and are not paid one and one-half times the hourly rate for the excess hours worked.

19. Defendant HHS's employees, including Plaintiffs, work hours that are not paid because Defendant HHS "rolls back" its employees' timecards to ensure employees do not receive overtime compensation. Defendant HHS alters employees' timecards to reflect less time worked without the employee knowing.

20. Defendant HHS suffers or permits its employees, including Plaintiffs, to work.

21. At all relevant times through at least March 19, 2017, Defendant HHS has failed to keep adequate and accurate records of Defendants' employees, including Plaintiffs, daily and weekly hours of work, as it intentionally and maliciously modifies its employees' timecard hours to avoid paying employees' hours worked.

22. Defendants' employees, including Plaintiffs, frequently work at least 40 hours in each workweek, however, Defendant HHS modifies its employees' timecards to ensure employees are not paid in excess of 40 hours.

23. Defendants' employees, including Plaintiffs, are not paid on a salary basis as Defendants' employees are paid for hours worked, to the minute, when those hours are less than 40 hours.

24. Defendant Bruce Teeter and Defendant Angela Carey have the authority to hire and fire individuals, including Plaintiffs, for Defendant HHS. They make recommendations for hiring and firing. They have the authority to set the schedule. They have the authority to monitor and alter timecards for employees including Plaintiffs. They have the authority to supervise employees, including the Plaintiffs, by telling them where to work and how to perform the work. They have the authority to discipline employees for their job performance and have the authority to evaluate employees. They act directly and indirectly in the interest of Defendant HHS in relation to its employees. They have operational

control over significant aspects of Defendant HHS's day to day functions, including over Plaintiffs.

25. Defendant Angela Carey and Defendant Bruce Teeter are employers, as defined by the FLSA.

26. Defendant Bruce Teeter and Defendant Angela Carey modified employees' timecards to cut hours worked to avoid paying them for all hours worked in excess of 40 hours in a workweek.

27. Defendant Bruce Teeter, Defendant Angela Carey, and Defendant HHS have all received complaints from Plaintiffs and other similarly situated employees about the unlawful aspect of this pay practice; however, all Defendants have failed to address it.

28. Defendant Angela Carey, on behalf of Defendant Bruce Teeter and Defendant HHS, has informed Plaintiffs that she does not care if employees do not get paid overtime because it is all about saving the company money.

29. All Defendants have modified timecards without employee consent with the knowledge that the employees worked the time they should have been paid for, but the Defendants all modified the timecards to avoid paying in excess of the budget.

30. Plaintiffs and those similarly situated are non-exempt employees within the meaning of the FLSA.

## Collective Action Allegations

31. Plaintiffs individually and on behalf of all other similarly situated employees seek relief on a collective basis challenging Defendant's common policy and practice of reduce timecards to meet budget despite the knowledge that the Plaintiffs worked the time that was reduced.

32. Plaintiffs are representatives of those similarly situated individuals who are current or former employees of Defendants who were worked in excess of 40 hours per workweek and did not receive overtime compensation because of Defendant's failure to pay Plaintiffs and all those similarly situated for all work time.

33. The number and identities of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records. Potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

34. The class is limited to the scope of those employees who were under supervision of Defendant Angela Carey and Defendant Bruce Teeter while they were each respectively employed with Defendant HHS.

35. Plaintiff brings this case as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent-to-join form with the Court.

**Count 1: Collective FLSA Action for Failure to Pay Overtime**

36. Plaintiffs incorporate and reallege, in full, all preceding paragraphs of this Complaint.

37. At all times relevant herein, Plaintiffs and those similarly situated employees are entitled to the rights, protections, and benefits provided under the FLSA.

38. The FLSA requires employers to pay non-exempt employees one and one-half times the regular rate of pay at which they are employed for hours worked in excess of 40 per workweek. 29 U.S.C. § 207.

39. Defendants' common practice and policy to modify timecards to avoid paying Plaintiffs, including all those similarly situated, for all hours worked violates the protections of the FLSA.

40. Defendants' policies, actions, and/or practices violate the FLSA's overtime requirements by compensating Plaintiffs and those similarly situated for only those hours it chooses to compensate Plaintiffs for work activities as set forth in this Petition.

41. Defendants had knowledge that Plaintiffs and those similarly situated were not being paid for all the time that they performed work.

42. Defendants knew or should have known that Plaintiffs were non-exempt employees under the FLSA and knowingly and willfully violated the FLSA by failing to keep accurate records of Plaintiffs' actual hours worked.

43. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, Defendants unlawfully deprived Plaintiffs and those similarly situated.

44. Defendants are liable under 29 U.S.C. § 216(b) for unpaid overtime worked, as well as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

45. Plaintiffs seek injunctive relief under 29 U.S.C. § 217 to stop Defendants' unlawful pay practices and establish that such unlawful practices within the healthcare industry are no longer permissible.

**Count 2: FLSA Retaliation on behalf of Plaintiff Carmen Bentley**

46. Plaintiff Carmen Bentley incorporates and reallege, in full, all preceding paragraphs of this Complaint.

47. Plaintiff Carmen Bentley orally complained to Defendant HHS and Defendant Angela Carey on multiple occasions about its modification of her timecard to avoid paying her overtime compensation.

48. Plaintiff Carmen Bentley began taking pictures of her timecard to document how Defendant HHS and Defendant Angela Carey was modifying her hours.

49. Plaintiff Carmen Bentley confronted Defendant HHS and Defendant Angela Carey about its modification of her hours on

multiple occasions, including most recently on or about February 10, 2017.

50. Defendant HHS and Defendant Angela Carey defended its modification of her timecard on the grounds that the modification is to ensure the employer does not have to pay overtime pay and the modification is legal as it is "creep time."

51. Defendant HHS harassed Plaintiff Carmen Bentley and mocked her for taking pictures of her timeclock and her allegations that her timecard was being improperly modified.

52. Plaintiff Carmen Bentley encouraged other Defendant HHS employees who were supervised by Defendant Angela Carey and Defendant Bruce Teeter to begin monitoring their timecards to show Defendants that their timecards were being modified for the purpose of depriving them of their wages.

53. Plaintiff Carmen Bentley retained an attorney on or about March 1, 2017, to pursue a collective FLSA claim against Defendant HHS.

54. Defendant HHS, Defendant Angela Carey, and Defendant Bruce Teeter learned of Plaintiff Carmen Bentley's retention of an attorney to represent her in an action against Defendant HHS for FLSA violations.

55. Defendant HHS, Defendant Angela Carey, and Defendant Bruce Teeter demoted Plaintiff Carmen Bentley from a supervisor position to a housekeeper position with no supervisory roles and lowered her

pay $2.00 per hour, which was less than any other employees' wages, even new hire employees. This demotion was because of Plaintiff Carmen Bentley's complaints to Defendant HHS and Defendant Angela Carey that they were violating her FLSA rights.

56. Defendant HHS, Defendant Angela Carey, and Defendant Bruce Teeter decided to terminate Plaintiff Carmen Bentley on or about March 14, 2017, for an alleged policy violation, if it is a policy, that has never been enforced upon any employee.

57. Defendant HHS, Defendant, Angela Carey, and Defendant Bruce Teeter terminated Plaintiff Carmen Bentley because she complained about FLSA violations to them, because Plaintiff Carmen Bentley retained an attorney to pursue an action for FLSA violations, and because Plaintiff Carmen Bentley photographed her timecard and motivated other employees to do the same.

58. Defendants' violations of the FLSA were willful and intentional.

## Relief Requested

59. Defendants must pay Plaintiffs, and all those similarly situated, the full value of all wages earned and due, including time worked without compensation and time worked in excess of forty hours that was not compensated at a rate of one and one-half times the employee's calculated hourly rate.

60. Defendants must pay Plaintiffs and all others similarly situated their attorneys' fees and costs.

61. Defendants must pay Plaintiffs and all others similarly situated liquidated damages.
62. Defendants must pay Plaintiffs and all others similarly situated pre-judgment and post-judgment interest.
63. Defendants must stop its unlawful pay practices as stated herein.
64. Defendants must pay all such other relief as the Court deems fair and equitable.
65. In addition to the above relief requested, Defendants must pay Plaintiff Carmen Bentley, for her FLSA Retaliation claim, emotional distress damages, compensatory damages, back pay, front pay, and any and all other relief she may be entitled to.

## Demand for a Jury Trial

66. The Plaintiffs demands a jury trial for all issues of fact presented by this action.

Respectfully submitted,

s/ D. Colby Addison
D. Colby Addison, OBA #32718
Chris Hammons, OBA #20233
LAIRD HAMMONS LAIRD, PLLC
1332 SW 89th Street
Oklahoma City, OK 73159
Telephone: 405.703.4567
Facsimile:  405.703.4067
E-mail:    colby@lhllaw.com
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

  I hereby certify that on May 12, 2017, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Gregg J. Lytle
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
QUINTAIROS, PRIETO, WOOD & BOYER
1700 Pacific Avenue, Suite 4545
Dallas, TX 75201
Phone: 214.754.8755
Fax: 214.754.8744
Email: gregg.lytle@qpwblaw.com


        s/ D. Colby Addison
        D. Colby Addison
        ATTORNEY FOR PLAINTIFFS